UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KEVIN W. ADAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 3:14cv1680 |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on a "Motion for Attorney Fees Under the Equal Access to Justice Act", filed by the Plaintiff on March 5, 2015. The Defendant filed her response on March 18, 2015, indicating no objection to Plaintiff's motion.

Discussion

The Equal Access to Justice Act ("EAJA") provides, in relevant part, that

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. Section 2412(d)(1)(A). *See also Golembiewski v. Barnhart*, 382 F.3d 721, 723-724 (7th Cir. 2004); *Stewart v. Astrue*, 561 F.3d 679, 682 (7th Cir. 2009).

The substantial justification standard requires that the Commissioner show that its position was grounded in "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *United States v. Hallmark Constr. Co.*, 200 F.3d 1076,

1080 (7th Cir. 2000) (citation and internal quotation marks omitted); *see also Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009); *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006). The Commissioner bears the burden of establishing that his position was substantially justified. *Stewart*, 561 F.3d at 683; *Cunningham*, 440 F.3d at 863; *Golembiewski*, 382 F.3d at 724.

With respect to precisely what the Commissioner must prove to have been substantially justified, in the 1985 amendments to the EAJA, Congress expressly defined the "position of the United States" to mean both its position in the civil action and "the action or failure to act by the agency upon which the civil action is based…" 28 U.S.C. Section 2412(d)(2)(D). Thus, the entire history of the Commissioner's position in this matter should be considered. When it is, it emerges -- at the very least -- as unreasonable as Defendant conceded that her final decision could not be defended and remand was necessary for further proceedings.

Because the Commissioner's position was not substantially justified, Plaintiff is entitled to an award of attorney fees. Under the EAJA, fees may not be awarded at a rate higher than $125 per hour unless the Court determines that a higher fee is justified by an increase in the cost of living or a special factor (such as the limited availability of qualified attorneys for the proceedings involved). 28 U.S.C. Section 2412(d)(2)(A). It is submitted that a higher fee is justified in this case.

As averred by Plaintiff's counsel in his Affirmation, the cost of living -- as reflected in the Consumer Price Index for the Midwest urban region -- increased from 151.7 in March 1996 (when the EAJA, and its $125 per hour provision, became effective) to 226.913 in September 2014, when the majority of the work was performed before this Court. The increase applied to the $125 per hour limit on EAJA fees set in March 1996 amounts to an adjusted hourly rate of

2

$186.98 per hour for the work done before the District Court, approximately a 50% increase from the rate of $125.

In addition, as noted in Plaintiff's Affirmation and supplemental Affidavit, the cost of litigating a claim by counsel's office has increased by approximately 75% from 1996 to 2013. Therefore, the requested increase in the adjusted hourly rate by counsel in this case of 50% based on the CPI is eminently reasonable. The Seventh Circuit recently held in *Sprinkle v. Colvin*, - -- F.3d----, 2015 WL 301182 (7th Cir. Jan. 23, 2015) that the CPI suffices as proof of an increased cost of living along with a single sworn affidavit from a claimant's attorney setting forth the prevailing market rate. *Sprinkle* at *7 *overruling in part Matthew-Sheets v. Astrue*, 653 F.3d 560 (7th Cir. 2011). Plaintiff has provided more than sufficient proof regarding the prevailing market rates and the increased costs of doing business for Plaintiff's counsel, which was required under the higher standard in *Matthew-Sheets*.

As noted at the outset, the Commissioner has no objection to this motion. For all the foregoing reasons, the motion will be granted.

## Conclusion

On the basis of the foregoing, Plaintiff's motion for attorney fees, under the Equal Access to Justice Act, is hereby GRANTED.

Entered: April 20, 2015.

s/ William C. Lee
William C. Lee, Judge
United States District Court