UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| KEVIN W. ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 3:14cv1680 |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

This matter is before the court on a "Petition for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1)", filed by the Plaintiff on May 13, 2016. The Defendant filed her response on May 19, 2016, indicating no objection to Plaintiff's motion.

Discussion

The Social Security Act states that when a disability claimant is successful in Federal Court, the court may authorize payment of reasonable attorney fees up to twenty-five percent (25%) of the claimant's back-due benefits. Because a Social Security claimant evaluates and pays his own attorney, a reviewing court's primary focus should be on the reasonableness of the contingency agreement in the context of that individual claimant's particular case. *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). The Supreme Court adopted that view in rejecting Lodestar Methodology in setting attorney fees in Social Security cases in *Gisbrecht v. Barnhart*, 122 S. Ct. 1817 (U.S.2002). Justice Ginsburg wrote:

> Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases . . . . Congress has provided one

> boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the back due benefits. § 406(b)(1)(A) . . . . Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show the fee sought is reasonable for the services rendered . . . . Id. at 1828.

The contingency agreement in this case is 25 percent of the Plaintiff's retroactive benefits which Plaintiff's counsel argues should be considered reasonable and proper. As noted in *Gisbrecht*, most contingency agreements in Social Security claims set the contingency rate at 25 percent. *Id.* at 803. As for other consideration of reasonableness noted by the *Gisbrecht* court, there is no suggestion of fraud or overreaching. Counsel did not delay this matter and achieved success in reversing the Commissioner's decision. Counsel states that a copy of the fee petition has been sent to the Plaintiff.

Counsel is requesting an award in the amount of $18,000.00, which represents less than 25% ($32,921.20) of the retroactive benefits awarded to the Plaintiff payable under §406(b). Counsel states that upon receipt of this sum and the previously awarded[1] Equal Access to Justice Act fees (hereinafter "EAJA") of $4,543.61, counsel for Plaintiff will remit the lesser of the two fees directly to the Plaintiff.

As noted in the Plaintiff's counsel's affidavit, counsel will also seek approval of a fee under 406(a)[2] for time spent handling Plaintiff's case before the Social Security Administration,

---

[1] On February 6, 2015, this court granted a joint motion to remand Plaintiff's claim to the Social Security Administration. Based on this successful appeal, Plaintiff's counsel sought, and was granted, an award of attorney's fees pursuant to the EAJA in the amount of $4,543.61. On remand, the Appeals Council vacated the final decision of the Commissioner and remanded the case for another administrative hearing. After this hearing, in a written decision dated February 22, 2016, the ALJ found the Plaintiff disabled.

[2] Whereas Section 406(b) governs attorney fees for proceedings in the District Courts, Section 406(a) governs fee awards for proceedings before the Social Security Administration.

but states that under no circumstances will the total requested fees between 406(a) and 406(b) exceed $32,921.20 which represents 25% of the past due benefits awarded to the Plaintiff.

As noted at the outset, the Commissioner has no objection to Plaintiff's counsel's fee request. As the request is supported by law and reasonable, the court will grant the petiton for attorney fees pursuant to 42 U.S.C. § 406(b)(1).

## Conclusion

On the basis of the foregoing, Plaintiff's motion for attorney fees, under the Equal Access to Justice Act, is hereby GRANTED.

Entered: July 7, 2016.

    s/ William C. Lee
    William C. Lee, Judge
    United States District Court